**City of Green Rock, Appellee, v. Peter Van Opdorp and Lina Van Opdorp, Appellants.**

Gen. Nos. 66–7, 66–8.

Third District.

August 23, 1966.

Rehearing denied September 14, 1966.

Andrew Kopp, of Moline, for appellants.

N. L. McGehee, of Silvis, for appellee.

ALLOY, J.

These are appeals from judgments of the Circuit Court of Henry County, Illinois, overruling the objections of Appellants Peter Van Opdorp and Lina Van Opdorp and confirming special assessment rolls for the laying of water mains. Only questions of law are involved on appeal.

From the record it appears that the City of Green Rock had enacted an ordinance for installation of a water distribution system and had filed a petition to assess the cost of the system as against the public and the property benefited. After the filing of the assessment rolls, Appellants filed a number of legal objections. The court sustained the legal objections of Appellants in part and in so doing declared that the commissioner appointed to spread the assessment was not a competent person as prescribed by statute, and further, that there was not an equitable apportioning of the costs of the improvement between the public and the property benefited. The court then directed another person, determined to be competent, to make a true and impartial assessment of the costs of improvement. After the filing of the revised assessment rolls, Appellants filed new legal objections, not theretofore raised, alleging that there was not a

water supply available for use in the proposed distribution system. The trial court overruled such legal objections to the revised assessment, without passing on the merits of such objections, and observed that such objections were not timely and should have been made at the earliest time so that the court could dispose of them when the sufficiency of the proceedings was first questioned. The court observed that to permit piecemeal objections to the sufficiency of the proceedings upon the filing of amended assessment rolls would permit a type of harassment in such proceedngs that would work only for delay, with no benefit to objector's position. The trial court confirmed the revised assessment rolls.

On appeal from such orders Appellants assert that proceedings on the new assessment rolls were "de novo" and that any objections may be filed as against such rolls under the provisions of section 9–2–72 of chapter 24 of Illinois Revised Statutes (1965 Ill Rev Stats, c 24, § 9–2–72).

■■ Under the Illinois Municipal Code, the courts before which special assessment proceedings are pending, have the power to revise and correct the assessments levied and to change or modify the assessment rolls. Under the Code the court may refer such matters to a competent person for the purpose of revision to be submitted to the court for approval. In such case the court does not dismiss the petition because the apportionment of costs of improvement is incorrect, but has the duty to change or modify the distribution so as to produce an assessment which is just (1965 Ill Rev Stats, c 24, §§ 9–2–56, 9–2–61; Village of Bradley v. New York Cent. R. Co., 277 Ill 608, 115 NE 640). Under the Municipal Code, de novo proceedings are required only where the special assessment or a special tax is annulled by corporate authority or set aside by any court or is declared invalid or void for any reason (1965 Ill Rev Stats, c 24, § 9–2–72). In the case before

us there was no confirmation of the first assessment roll filed. As a result, there never was a special assessment which could have been annulled or declared void. Under the Local Improvement Act, the trial court determines all questions relating to the sufficiency of the proceedings (1965 Ill Rev Stats, c 24, § 9–2–57). The court in such instance may satisfy itself that changes, revisions, and modifications affected might be complete and final. It is contemplated by statute that there will be an orderly consideration of the merits of the proceeding. To direct that new assessment rolls should be prepared without first disposing of all legal objections would cause undue hardship and expense to the municipality. As indicated by the trial court, such piecemeal objections to the sufficiency of the proceedings would permit a type of harassment which would operate only to delay, without benefit to objectors' position.

■ ■ While it is not improper for a trial court to allow an amendment to objections which had been previously filed by allowing filing of additional objections, a trial court would not commit error in refusing to allow the filing of such new or amended objections. Allowance of the filing of such new or amended objections rested within the sound discretion of the trial court (Village of Des Plaines v. Winkelman, 270 Ill 149, 110 NE 417). In the Winkelman case last referred to, the objectors had filed many objections and the court sustained these objections in part and referred the rollback to the commissioner with directions to recast the assessment. After this was done and when the revised roll was filed, the appellant filed another objection and asked to argue this objection, stating that he should have argued it on the hearing of the original objections and that it was an oversight that he did not do so. The trial court refused to allow any objection except as to whether the assessment roll had been properly recast in accordance with

the order of the court. The Supreme Court stated (at page 152) in the opinion:

> "It was held that the objections not urged were waived. In this case, the counsel did not expressly state that he did not care to urge any objections except those argued but the effect of his action was the same. The allowance of amendments to objections filed in a special assessment proceeding and the granting of permission to file additional objections are matters within the sound discretion of the court, which will not be reviewed unless the discretion has been abused."

We note that the court in the case before us considered all objections which were filed by Appellants originally on June 23, 1964, and sustained such objections in part. The revised assessment rolls were then returned to the court and Appellants sought then for the first time to raise the objection that upon the completion of the improvement contemplated there would not be an adequate supply of water. This objection could have been raised to the original rolls and had nothing to do with changes effected in recasting the assessment rolls. We must, therefore, conclude that the action of the trial court in refusing to allow Appellants to file such objections at that stage in the proceedings was not an abuse of the discretionary power of the court.

██ Objections which were not properly raised in the trial court cannot be considered for the first time on appeal (Village of Oak Park v. Swigart, 266 Ill 60, 61, 62, 107 NE 158). The Supreme Court in Village of Oak Park v. Swigart, supra, specifically stated that it is no hardship for defendants to be compelled to bring forward all of their objections at the same time. The refusal of the trial court in the case before us to grant leave to defendants to file new objections nine months after the

hearing on all other legal objections had been concluded, properly rested within the discretion of the trial court.

On the basis of the record before us, the action of the Circuit Court of Henry County was proper and is, therefore, affirmed.

Affirmed.

CORYN, P. J. and STOUDER, J., concur.